GOODYEAR TIRE AND RUBBER COMPANY, RESPONDENT, v. HARRY KRUVANT, APPELLANT.

Submitted July 7. 1921—Decided November 3, 1921.

The general rule is settled that amendment of the pleadings is a matter within the discretion of the court and not appealable; but that discretion is a judicial discretion to be exercised in accordance with the principle that a party charged is entitled to a reasonable opportunity to make his answer and present his defence, and when the court at the trial permits by amendment the substitution of a different cause of action and refuses to allow defendant reasonable time to prepare a defence appropriate to the new complaint, or to file a counter-claim in reduction of the damages claimed thereunder, legal error is committed which will be rectified on review.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the appellant, *Harry T. Davimos.*

For the respondent, *W. Locke Rockwell.*

The opinion of the court was delivered by

PARKER, J.    The suit was on a written guaranty executed by the defendant, covering sales within specified limits to be made by the plaintiff to "Louis and Albert Siegler, Props. Ever Ready Supply Co." The sales on which the claim was based were within the terms of the guaranty, but it developed at the trial that whereas the plaintiffs had given credit there-

under to Louis and Albert Siegler individually, these latter had transferred their business to, and the goods sold had been received by, a corporation named the Ever Ready Supply Company, and defendant claimed that his guaranty did not apply to that company, and in consequence that he was not liable. The trial judge took this view, but expressing his opinion that a fraud had been prepetrated and that the court should not allow it to succeed if this could be avoided, permitted, and, in effect, directed an amendment of the complaint by adding a count charging that defendant had by deceit induced plaintiffs to sell to the company instead of the individuals. Defendants then alleged surprise and asked a week or four or five days' time in which to examine the new count and prepare to meet it; and asked leave to file a counter-claim for certain goods alleged to have been returned. The court denied both applications and counsel duly excepted, and now allege this refusal for error.

We think that legal error was committed. The rule is a broad and general one, based on a liberal statute of amendments (*Comp. Stat., p.* 41 *et seq.*) that applications for amendment are addressed to the discretion of the court, and the decision thereon is not reviewable on appeal. *Bruch* v. *Carter,* 32 *N. J. L.* 554; *Lutlopp* v. *Heckmann,* 70 *Id.* 272; *Reed* v. *Director General,* 95 *Id.* 525. With this rule, however, goes necessarily the qualification that when an amendment of pleadings opens a new ground of liability or defence not before suggested, to the surprise of the other party, a due regard for the rights of the latter requires that he should have reasonable opportunity to meet the new matter; otherwise, he is liable to be condemned without a hearing in violation of elementary principles of justice and of the express intendment of the fourteenth amendment of the federal constitution. Hence, we find that when the propriety of amendments has been questioned the inquiry has been, first, was the other party surprised? and if so, then, secondly, did he have reasonable opportunity to meet the new matter by appropriate pleading and proof? It speaks well for the general administration of justice that in most, if not all, of our reported cases on this

point, the reviewing court held either that there was no surprise or that the other party had a proper delay.

In *Joslin* v. *New Jersey Car Spring Co.*, 36 N. J. L. 141, 147, this court said, on a rule to show cause, that "the subject-matter of the amendment was within the issue upon the record before such amendment was made."

In *Redstrake* v. *Insurance Co.*, 44 N. J. L. 294, 296, another rule to show cause, we said, in authorizing an amendment on argument of the rule: "There is no pretence that the defendant was surprised by the manner in which the trial was conducted, or was deprived of any opportunity to present the case on its real merits."

In *Excelsior Electric Co.* v. *Sweet*, 59 N. J. L. 441, 443, in the Court of Errors and Appeals, an amendment was suggested to charge the accident as due to a defective cleat instead of a defective rope, as set up in the declaration. But Mr. Justice Dixon, speaking for that court, said (holding that the trial court should not have submitted the question of the rope to the jury under the pleadings) : "If we should now introduce this issue into the pleadings, * * * it would support a verdict that may have been rendered upon a matter which the parties have not fairly litigated."

In *Jordan* v. *Reed*, 77 N. J. L. 584, 591, the same court, speaking through Judge Green, held there was a variance which would require an amendment of the declaration, but that such amendment would not be countenanced, as it would shut out a defence of non-joinder. .

In *Mick* v. *Corporation, &c.*, 87 N. J. L. 628, 634, the refusal of the court to allow amended pleas out of time was held to be "the exercise of a discretion which was not abused and is *therefore* not subject to review on appeal."

In *Board of Education* v. *Richmond Construction Co.*, 92 N. J. L. 496, the plaintiff alleged performance of conditions precedent generally, under section 118 of the Practice act of 1903, the defendant failed to specify any condition whose non-performance was to be claimed. At the trial defendant sought to amend, and was not permitted to do so, and on review this

was held proper. In all these cases the exercise of judicial discretion was in fact judicially reviewed.

The power of the court over amendments is, as we have said. one of discretion, but it is one of judicial discretion, and the bounds of that discretion are transgressed when at the trial of a cause in which plaintiff has declared on a written contract, a new count in deceit, essentially an action in tort, is introduced, and defendant properly alleging surprise is denied either time to meet it or the privilege of a counterclaim in mitigation of the damages. Under these circumstances, the ruling is not so much the exercise of discretion as the denial of a fundamental right and the defendant is legally aggrieved.

We do not wish to be understood as concurring in the theory of the trial court that because of the concealed change of status, even if it never came to the knowledge of the plaintiff, the defendant was not liable on the guaranty. It may well be that if plaintiffs continued to sell and deliver, as they believed and intended, to the Sieglers individually, after the latter had installed a corporation in their store, and neither the Sieglers nor defendant made any effort to set them right, but purposely allowed them to continue in that belief, the fact that the corporation succeeded in getting control of the goods would not impair the contractual liability of the Sieglers personally and of their guarantor, Kruvant. But the judge excluded this phase of the case from the consideration of the jury, and there could not be an affirmance of the plaintiff's judgment on this ground. *Barnes* v. *Wallington & Co.,* 78 *N. J. L.* 490; so, we do not decide the point, especially as it is not argued. For the reasons given above, the judgment will be reversed, to the end that a *venire de novo* issue.